No. 5601.

MAGDALENA RIES ET AL. VS. ELIZABETH RIES ET ALS.

A judgment emancipating a minor cannot be attacked collaterally.

When a tutor changes his domicile, the domicile of the minors of whom he is tutor is *ipso facto* changed thereby.

A suit wherein it is alleged that a person took possession of the succession of the plaintiffs' father, sold the movables and leased the lands and collected the rents, expended certain sums for the education and maintenance of the plaintiffs while minors, and praying judgment for a specific sum as the residue in his hands, is not a suit against him as tutor, and therefore does not fall if there be no proof of the appointment and qualification as tutor.

APPEAL from the Fourth District Court of New Orleans. LYNCH, J.

*Braughn, Buck & Dinkelspiel* for Plaintiffs. *Villere* for Defendants Appellants.

DE BLANC, J., delivered the opinion affirming the judgment.

No. 4021.

L. J. FONT VS. JOSE DOMINGO.

The authority to borrow money on one's account, or to draw notes or bills of exchange, must be express and special.

Suretyship is not provable by parol evidence.

The prescription of three years bars a claim for borrowed money.

A rule of court requires the statement of the points and authorities, upon which an applicant for rehearing relies, to be printed, and the petition for rehearing will not be considered unless this rule is complied with.

APPEAL from the Seventh District Court of New Orleans. COLLENS, J.

*Bartlette* for Plaintiff Appellant. *W. H. Hunt, Clarke, Bayne & Renshaw* for Defendant.

SPENCER, J., delivered the opinion affirming the judgment.